UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET STRICKLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON-JANSSEN,<br><br>　　　　　Defendant. | No. 2:16-cv-805-TLN-KJN PS<br><br><br>ORDER |

　　　　Plaintiff Harriet Stricklen, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

　　　　The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In this case, plaintiff, an African American female, alleges that she was discriminated and retaliated against, and ultimately terminated from her employment, at defendant Johnson & Johnson-Janssen, based on her race and color, in violation of Title VII of the Civil Rights Act of 1964, as amended.  (See generally ECF No. 1.)

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant.  The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the complaint on defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Service of the complaint is appropriate for defendant Johnson & Johnson-Janssen.

3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

6. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall,

1 within 10 days thereafter, file a statement with the court that such documents have been submitted
2 to the U.S. Marshal.
3     7. The U.S. Marshal shall serve process, with copies of this court's scheduling order
4 and related documents, within 90 days of receipt of the required information from plaintiff,
5 without prepayment of costs.
6     8. If a defendant waives service, the defendant is required to return the signed waiver
7 to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant
8 of this requirement, and the failure to return the signed waiver may subject a defendant to an
9 order to pay the costs of service by the U.S. Marshal.
10     9. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.
11     10. Failure to comply with this order may result in any appropriate sanctions,
12 including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil
13 Procedure 41(b).
14     IT IS SO ORDERED.
15 Dated: May 26, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE